# EXHIBIT A

# TROTTER & MAXFIELD

**GENE TROTTER**          ATTORNEYS AT LAW          **DAVE MAXFIELD**

November 28, 2011

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court
Columbia, SC 29223

    RE:    Elizabeth Prothro Williams vs. Trans Union, LLC and Experian Information Solutions, Inc.
           Case No. 2011-CP-40-7965

Dear Sir or Madam:

Enclosed herein and served upon you on behalf of Experian Information Solutions, Inc., is a filed copy of a <u>Summons & Complaint</u> in the above-referenced matter.

                      Sincerely,

                      */s/ Stephanie Baxley*
                      Stephanie Baxley
                      Paralegal to Dave Maxfield

Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>ELIZABETH PROTHRO WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Case No.<br><br>**SUMMONS** |

TO:   THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 1701 Richland Street, Columbia, South Carolina 29201, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
David A. Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

DATED: November 17, 2011
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| ELIZABETH PROTHRO WILLIAMS, | |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| | (Fair Credit Reporting Act) |
| TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff, complaining of the Defendants above-named, would show this Court as follows:

1. Plaintiff is a citizen and resident of the State of South Carolina. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

2. Defendants Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc., ("Experian") are foreign entities which transact business in South Carolina. Each Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

3. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT TRANS UNION

### (Negligent Noncompliance with FCRA)

4. Plaintiff realleges and incorporates the above allegations contained in paragraphs 1-3 as if restated herein verbatim.

5. Upon information and belief, in or around December of 2009, Plaintiff received a collection call from an "Enhanced Recovery Corporation" regarding a Sprint account. Plaintiff advised that she had never had a Sprint account; in the course of the conversation Plaintiff learned that Enhanced Recovery had obtained Plaintiff's personal information from Defendant Trans Union and/or reported the account to Trans Union.

6. Following this phone call, Plaintiff obtained her credit file from Trans Union and discovered that Trans Union was attributing an Enhanced Recovery collection account to her. Plaintiff thereafter contacted Trans Union to dispute the account.

7. Following her dispute, on or after December 31, 2009 Plaintiff received a letter from Trans Union stating that the Enhanced Recovery account was "no longer on [her credit] file" with no other explanation and no other results of Plaintiff's dispute.

8. On or about January 15, 2011, Plaintiff obtained her credit file from Defendant Trans Union, and discovered that Defendant had re-inserted the Enhanced Recovery account.

9. Plaintiff thereafter again disputed the reporting of this account to Trans Union, advising specifically of her prior disputes, and further advising specifically that she

believed her information was being mixed with information belonging to another consumer.

10. In response, once again, Defendant Trans Union advised simply that the Enhanced Recovery account was "no longer on file," without further explanation.

11. In or around March of 2011, while on notice of the probable mixing of Plaintiff's information, Defendant sold Plaintiff's credit and identifying information to a second debt collector, Asset Acceptance, who it allowed to obtain Plaintiff's credit file.

12. Throughout March, April and May, 2011, Plaintiff received collection calls and notices in the mail.

13. In response to this renewed collection activity Plaintiff contacted the collection agencies, and again notified Defendant Trans Union of the dispute and probable mixing.

14. In response, Plaintiff received an updated report which confirmed that Trans Union had sold her report to Asset Acceptance.

15. On or about June 24, 2011 Plaintiff filed another dispute with Defendant Trans Union, asking to have said collection agency's inquiry removed.

16. In response, Trans Union failed to remove the inquiries from the collection agency.

17. Despite all of the foregoing disputes, Defendant Trans Union has continued to report false information concerning Plaintiff and, presumably, continues to sell Plaintiff's credit file to debt collectors with whom she has no relationship.

18. Defendant Trans Union has negligently failed to comply with the requirements of the FCRA in multiple respects, including in failing to discharge its obligations under 1681i as well as 1681e. Said failures include Defendant's failure to use and maintain reasonable procedures to assure maximum possible accuracy and make reasonable efforts to verify the uses certified by debt collectors who are subscribers of Defendant's, or to whom Defendant otherwise sold Plaintiff's credit file.

19. Defendant has thus negligently and/or willfully violated its obligations to Plaintiff under section 1681e(a).

20. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit or unfavorable changes to the terms of existing credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the jury.

21. Plaintiff further requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT TRANS UNION

### (Willful Noncompliance with FCRA)

22. Plaintiff realleges and incorporates the above allegations contained in the above paragraphs as if restated herein verbatim.

23. Defendant Trans Union has prepared and furnished credit reports on Plaintiff that contain false, negative credit information and false personal information.

24. Plaintiff has repeatedly notified Defendant Trans Union that it is reporting false information, disputed that information, and asked Defendant to correct it. Despite those disputes, Defendant Trans Union continued to report false information, reinserted false information following prior deletion, and sold her credit file to debt collectors.

25. Defendant Trans Union willfully failed to comply with the requirements of the FCRA as set forth hereinabove.

26. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, unfavorable changes to the terms of existing credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

27. As a result of the foregoing, Plaintiff seeks punitive damages in an amount to be determined by the jury.

28. Plaintiff further requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT EXPERIAN

### (Negligent Noncompliance with FCRA)

29. Plaintiff realleges and incorporates the above allegations contained in paragraphs 1-3 as if restated herein verbatim.

30. In or around December of 2009, Plaintiff requested and received a copy of her Experian credit file. The report that Plaintiff received contained 23 falsely

5

attributed and negative accounts, as well as a substantial amount of false personal identifying information.

31. Plaintiff disputed the incorrect information with Defendant Experian, and was specifically advised in speaking with an employee of Defendant Experian named "Deborah" in the Special Services Department, that Experian had mistakenly merged her credit information with another "Elizabeth Williams."

32. In response to Plaintiff's dispute, Defendant Experian provided an updated report on December 28, 2009; however, that report did not address Plaintiff's dispute and provide fully the results of the reinvestigation.

33. On or about January 16, 2011, Plaintiff obtained another Experian report and learned that Defendant Experian had improperly provided her credit file to multiple debt collectors and other parties with whom she had no business relationship, and who had no permissible purpose to view her report.

34. Plaintiff Elizabeth Williams sent another dispute to Experian.

35. Throughout March, April, and May 2011, Plaintiff again received collection calls and notices in the mail. In response to the renewed collection activity Plaintiff Elizabeth Williams contacted the collection agencies and again requested her credit report from Defendant Experian, which she received on or after April 25, 2011.

36. Upon receipt of her report, Plaintiff learned that the Defendant had sold her file to multiple collection agencies.

37. Further, while the report sent to Plaintiff did not appear to contain false account trade lines, it did not provide information that, upon information and belief,

Defendant Experian was in fact providing to other parties concerning Plaintiff, including but not limited to false attribution of negative accounts from "Ameristar," "Credit One Bank," "HSBC / Gateway," "LVNV Funding," "National Auto Credit," "TigerTranz" and "World Finance."

38. Thus, Defendant failed and refused to disclose the entire contents of Plaintiff's credit file to her, in violation of the FCRA.

39. On or about June 24, 2011 Plaintiff again filed a dispute with Defendant Experian asking to have the false inquiries removed.

40. In response, Experian refused to remove the inquiries from the collection agencies from Plaintiff's credit report.

41. Despite all of the foregoing disputes, Defendant Experian has continued to report false information, has failed to fully disclose to Plaintiff the contents of her file, and has continued to attribute false negative accounts and information to Plaintiff.

42. Defendant Experian negligently failed to comply with the requirements of the FCRA in multiple respects, including in failing to discharge its obligations under 1681i as well as 1681e. These failures include but are not limited to Defendant's failure to use and maintain reasonable procedures to assure maximum possible accuracy, and failure to make reasonable efforts to verify the uses certified by the debt collectors to whom it sells Plaintiff's credit file. Defendant has thus negligently and/or willfully violated its obligations to Plaintiff under section 1681e(a).

43. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic

loss, denial of credit or unfavorable changes to the terms of existing credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

44. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANT EXPERIAN
### (Willful Noncompliance with FCRA)

45. Plaintiff realleges and incorporates the above allegations contained in paragraphs 1-3 and 29-44 as if restated herein verbatim.

46. Defendant Experian has prepared and furnished credit reports on Plaintiff that contain false, negative credit information and false personal information.

47. Plaintiff has repeatedly notified Defendant Experian that it is reporting false information, has disputed that information, and has asked Defendant to correct it. Despite those disputes, Defendant Experian continued to report false information, and reinserted it following deletion.

48. Defendant Experian willfully failed to comply with the requirements of the FCRA as set forth hereinabove, in multiple respects.

49. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, unfavorable changes to the terms of existing credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional

8

distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

50. As a result of the foregoing, Plaintiff seeks punitive damages in an amount to be determined by the jury.

51. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment against each Defendant in an amount sufficient to compensate them for actual damages in an amount to be determined by the jury, together with punitive damages in an amount to be determined by the jury, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
David A. Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

DATED: November 16, 2011

4827-7629-1083, v. 1

9

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
| Elizabeth Prothro Williams,<br><br>            Plaintiff,<br><br>vs.<br><br>Trans Union LLC and Experian<br>Information Solutions, Inc.,<br><br>            Defendants. | Case No. 2011-CP-40-7965<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Trotter & Maxfield, Attorneys at Law do hereby swear and affirm that on the 28th day of November, 2011, I served the foregoing Summons & Complaint regarding the above-referenced matter by United States Certified Mail to the following:

CT Corporation System
2 Office Park Court
Columbia, SC 29223
(On behalf of Experian Information Solutions, Inc.)

_____
Stephanie Baxley

DATED: November 28, 2011
Columbia, South Carolina

